I agree with the majority that the trial court erred in determining that the award of health insurance was part of a property distribution made pursuant to R.C. 3105.171. However, because nothing in the separation agreement or the divorce decree indicates that the award was subject to termination at a later date, I must respectfully dissent from the majority opinion.
Having found that the award of health insurance in Article V of the separation agreement is properly categorized as an award of spousal support, the majority proceeds to use language found in Article IX of the agreement to modify it. I find such an approach incorrect.
Article IX, found on page 3 of the agreement, states as follows:
 "A. Husband shall pay to Wife, as and for permanent spousal support, the sum of Two Hundred Dollars ($200.00) per month due on the first day of each and every month hereafter, the first payment being due on the first day of December 1996. Said obligation of spousal support shall cease upon the Wife's death, remarriage, or cohabitation with a third party, and shall be modifiable, by mutual agreement or by court of competent jurisdiction, upon a showing of a change of circumstances of the Husband and the Wife." (Emphasis added.)
As is clear from a reading of this article, the termination language is preceded by the phrase, "[s]aid obligation of spousal support." The only award subject to modification or termination is the $200.00 per month (later modified to $175.00 per month) permanent spousal support that is discussed in the preceding sentence. The award of health insurance is contained in a separate article, found on a separate page of the agreement.
I find nothing in the separation agreement to indicate that "[s]aid obligation of spousal support" mentioned in Article IX includes the award of health insurance found in Article V. The fact that the health insurance award is categorized as spousal support rather than a distributive award does not automatically operate to terminate the award. Had the parties intended to treat the award of health insurance in similar fashion to the award of permanent spousal support outlined in Article IX, it would have been a simple task to include the same termination/modification language within Article V. Nonetheless the parties chose not to do so.
When the terms in a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Shifrinv. Forest City Enterprises, Inc. (1992), 64 Ohio St.3d 635, 638. Because I find no ambiguity in the agreement between the parties, I must respectfully dissent.
 ____________________ Gene Donofrio Judge